**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID BERNHARDT, in his official capacity as Secretary of the United States Department of the Interior, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  No. 1:18-cv-02857-BAH |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants David Bernhardt, in his official capacity as Secretary of the United States Department of the Interior; and the United States Fish and Wildlife Service ("FWS") (collectively, "Defendants") answer Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"), Docket ("Dkt.") 1, as follows:

**INTRODUCTION**

1. The allegations in Paragraph 1 constitute Plaintiffs' statement of their case, to which no response is required. To the extent a response is required, the allegations are denied.

2. The allegations in the first sentence of Paragraph 2 are denied as vague and ambiguous. In response to the allegations in the second sentence of Paragraph 2, Defendants aver that giraffes are found in fragments of their once expansive range, some of which are small, isolated fragments. In response to the allegations in the third sentence of Paragraph 2, Defendants aver that giraffes have the physical characteristics of long necks, tongues, and eye lashes; uniquely patterned coats; and distinctive gaits. Defendants further aver that the phrase "long captured the

1

human imagination" is vague and ambiguous and deny the allegation on that basis. The allegations in the fourth sentence of Paragraph 2 are denied as vague and ambiguous. Defendants admit the allegations in the fifth and sixth sentences of Paragraph 2.

3.  The allegations in the first sentence of Paragraph 3 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second and third sentences of Paragraph 3 purport to characterize International Union for Conservation of Nature ("IUCN") documents, which speak for themselves and contain the best evidence of their contents. Any allegations contrary to their plain language, meaning, and/or context are denied.

4.  The allegations in the first sentence of Paragraph 4 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 4 purport to characterize undefined data on wildlife imports, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied. The allegations in the third sentence of Paragraph 4 consist of legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

5.  With respect to the first sentence of Paragraph 5, Defendants admit that on April 19, 2017, Plaintiffs filed a petition with FWS titled "PETITION TO LIST THE GIRAFFE (*GIRAFFA CAMELOPARDALIS*) UNDER THE ENDANGERED SPECIES ACT." Defendants deny the remaining allegations of the first sentence. The allegations in the second sentence of Paragraph 5 consist, in part, of legal conclusions to which no response is required. The remaining allegations in the second sentence of Paragraph 5 purport to describe the Convention on Migratory Species which speaks for itself and is the best evidence of its contents. Any allegations contrary to

its plain language, meaning, and/or context are denied. In response to the allegations in the third sentence of Paragraph 5, Defendants aver that FWS sent Plaintiffs a letter dated November 13, 2018 acknowledging receipt of Plaintiffs' petition and acknowledging receipt of a letter dated September 18, 2018.

6. With respect to the first sentence of Paragraph 6, Defendants aver that no finding under 16 U.S.C. § 1533(b)(3)(A) has been issued on Plaintiffs' petition. The allegations in the second sentence of Paragraph 6 constitute legal conclusions to which no response is required.

7. The allegations in Paragraph 7 constitute Plaintiffs' statement of their case, to which no response is required. To the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

8. The allegations in Paragraph 8 purport to characterize the Administrative Procedure Act ("APA"), Endangered Species Act ("ESA"), and the Declaratory Judgment Act which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and/or context are denied.

9. The allegations in Paragraph 9 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

10. With respect to the allegations in Paragraph 10, Defendants admit that they received a letter dated September 18, 2018, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the letter's plain language, meaning, and/or context are denied.

11. Defendants admit the allegations in Paragraph 11.

12. Defendants admit the allegations in Paragraph 12.

13. The allegations in Paragraph 13 constitute legal conclusions to which no response is required.

14. The allegations in the first and second sentences of Paragraph 14 purport to characterize a letter which speaks for itself and contains the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied. The allegations in the third sentence of Paragraph 14 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

15. The allegations in Paragraph 15 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

16. The allegations in Paragraph 16 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## PARTIES

17. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis deny the allegations.

18. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on that basis deny the allegations.

19. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis deny the allegations.

20. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20, and on that basis deny the allegations.

21. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21, and on that basis deny the allegations.

22. The allegations the first sentence of Paragraph 22 constitutes legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in

the second, third, and fourth sentences and on that basis deny the allegations. The allegations in the fifth, sixth, and seventh sentences constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

23. With respect to Paragraph 23, Defendants aver that David Bernhardt is the Secretary of the United States Department of the Interior. The remaining allegations in Paragraph 23 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

24. In response to the allegations in Paragraph 24, Defendants admit that the U.S. Fish and Wildlife Service is the agency within the U.S. Department of the Interior delegated with primary authority to administer and implement the ESA with respect to the species under its jurisdiction. The remaining allegations in Paragraph 24 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

**LEGAL BACKGROUND**

25. The allegations in Paragraph 25 purport to characterize the ESA, 16 U.S.C. §§ 1531-1544, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

26. The allegations in Paragraph 26 purport to describe the ESA, 16 U.S.C. §§ 1531(a)(1)-(2) & 1531(b), which speaks for itself and contains the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

27. The allegations in the first sentence of Paragraph 27 purport to characterize the ESA, 16 U.S.C. § 1533(a), which speaks for itself and sis the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied. The allegations in the second sentence of Paragraph 27 purport to characterize 50 C.F.R. § 402.01(b), which speaks

for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

28. The allegations in Paragraph 28 purport to characterize the ESA and certain regulations, 16 U.S.C. § 1533(b)(1)(A) & 50 C.F.R. § 424.11(b), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and/or context are denied.

29. The allegations in Paragraph 29 purport to characterize the ESA, 16 U.S.C. § 1532(16), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

30. The allegations in Paragraph 30 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

31. The allegations in Paragraph 31 purport to characterize the ESA, 16 U.S.C. §§ 1538(a)(1)(A), (D)-(G), (g) & 1539(a)(1)(A), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

32. The allegations in Paragraph 32 purport to characterize the ESA, 16 U.S.C. § 1533(d), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

33. The allegations in Paragraph 33 purport to characterize the ESA, 16 U.S.C. § 1537, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

34. The allegations in Paragraph 34 purport to characterize the ESA and certain regulations, 16 U.S.C. § 1533(b) and 50 C.F.R. § 424.14, which speak for themselves and are the

best evidence of their contents. Any allegations contrary to their plain language, meaning, and/or context are denied.

36. The allegations in Paragraph 35 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

36. The allegations in Paragraph 36 purport to characterize the ESA and certain regulations, 16 U.S.C. § 1533(b)(3)(A) and 50 C.F.R. § 424.14(h)(1), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and/or context are denied.

37. The allegations in Paragraph 37 purport to characterize 50 C.F.R. § 424.14(h)(1), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

38. The allegations in Paragraph 38 purport to characterize the ESA and certain regulations, 16 U.S.C. § 1533(b)(3)(A) and 50 C.F.R. § 424.14(h)(1), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and/or context are denied.

39. The allegations in Paragraph 39 purport to characterize the ESA, 16 U.S.C. § 1533(b)(3)(B), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

40. The allegations in Paragraph 40 purport to characterize the ESA, 16 U.S.C. § 1533(b)(3)(B)(ii), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

41. The allegations in Paragraph 41 purport to characterize the ESA, 16 U.S.C. § 1533(b)(6), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

## FACTUAL BACKGROUND

42. Defendants admit the allegations in the first sentence of Paragraph 42. The allegations in the second sentence of Paragraph 42 are denied as vague and ambiguous.

43. Defendants admit the allegations in Paragraph 43.

44. The allegations in Paragraph 44 purport to characterize the IUCN Species Survival Commission Giraffe and Okapi Specialist Group determination as stated in the IUCN Red List assessment of *Giraffa camelopardalis* which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

45. The allegations in Paragraph 45 purport to characterize Plaintiffs' petition which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

46. In response to the allegations in Paragraph 46, Defendants aver that Giraffes have experienced habitat loss and fragmentation due to factors including conversion of native habitat to agriculture, uncontrolled timber harvest, poor land use planning, and urban expansion. Defendants further aver that the term "severe" is vague and ambiguous and deny the allegation on that basis.

47. Defendants admit the allegations in the first sentence of Paragraph 47. The allegations in the second sentence of Paragraph 47 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Defendants admit the allegations in the third sentence of Paragraph 47.

48.     The allegations in Paragraph 48 purport to characterize an analysis, an assessment, a petition, documentation, and on-line research which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and/or context are denied.

49.     The allegations in Paragraph 49 purport to characterize an investigation which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

50.     The allegations in Paragraph 50 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

51.     The allegations in the first sentence of Paragraph 51 are denied as vague and ambiguous. The allegations in the second, third, and fourth sentences of Paragraph 51 in part consist of legal conclusions, which require no response. The remaining allegations in those sentences purport to characterize the Convention on Migratory Species which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

52.     Defendants aver that no finding under 16 U.S.C. § 1533(b)(3)(A) has been issued on Plaintiffs' petition. Any allegations inconsistent with this averment are denied.

53.     The allegations in Paragraph 53 purport to characterize agency documents published in the Federal Register which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and/or context are denied.

54.     The allegations in Paragraph 54 purport to characterize agency documents published in the Federal Register which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and/or context are denied.

55. The allegations in Paragraph 55 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## CLAIM FOR RELIEF

### Violation of the Endangered Species Act (16 U.S.C. § 1533(b)(3)(A))
### Failure to Make a 90-Day Finding for the Giraffe

56. All responses to allegations in the paragraphs above are incorporated herein by reference.

57. The allegations in Paragraph 57 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny each of the allegations. The allegations therein also purport to describe the ESA, 16 U.S.C. § 1533(b)(3)(A), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

58. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 and on that basis deny the allegations.

59. The allegations in Paragraph 59 purport to describe the APA, 5 U.S.C. § 706(1) which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and/or context are denied.

60. The allegations in Paragraph 60 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations therein also purport to characterize the ESA, APA, and certain regulations which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and/or context are denied.

## REQUEST FOR RELIEF

The remainder of Plaintiffs' Complaint consists of Plaintiffs' Prayer for Relief, to which no answer is necessary. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of Plaintiffs' complaint not otherwise expressly admitted, qualified, or denied herein.

## AFFIRMATIVE DEFENSES

1. To the extent that Plaintiffs lack standing to raise some or all of their claims, any such claims should be dismissed.

Dated:  April 19, 2019              Respectfully submitted,

                                    JEAN E. WILLIAMS
                                    Deputy Assistant Attorney General
                                    SETH M. BARSKY
                                    Section Chief
                                    MEREDITH L. FLAX
                                    Assistant Section Chief


                                    */s/ H. Hubert Yang*
                                    H. HUBERT YANG
                                    Trial Attorney (DC Bar No. 491308)
                                    United States Department of Justice
                                    Environment & Natural Resources Division
                                    Wildlife & Marine Resources Section
                                    Ben Franklin Station
                                    P.O. Box 7611
                                    Washington, DC 20044-7611
                                    Tel: (202) 305-0209
                                    Fax: (202) 305-0275
                                    E-mail: hubert.yang@usdoj.gov

                                    Of Counsel:

                                    RUSSELL HUSEN

United States Department of the Interior
Office of the Solicitor
Washington, D.C.

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2019, I electronically filed the foregoing Defendants' Answer To Plaintiffs' Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

>*/s/ H. Hubert Yang*
>H. HUBERT YANG
>Trial Attorney
>United States Department of Justice
>Environment & Natural Resources Division
>Wildlife & Marine Resources Section
>Ben Franklin Station
>P.O. Box 7611
>Washington, DC 20044-7611
>Tel: (202) 305-0209
>Fax: (202) 305-0275
>E-mail: hubert.yang@usdoj.gov
>
>*Attorney for Defendants*